A dentist or an auto mechanic is not a public official charged with upholding the law. In contrast, the public places corrections officers in positions of power in part on the very basis of its conclusion that they may be trusted to uphold the law. Indeed, I presume that, even if he had not been imprisoned, defendant would not have been permitted to maintain his job as a corrections officer in the wake of this conviction; defendant's ineligibility to work as a corrections officer in light of this crime would be an objective fact, not a subjective observation. Further, when an official undertakes a duty to uphold the law, his conduct off the job is particularly relevant to the trust we place in him to lawfully carry out his official acts outside the public view. Would we not say that a judge abused the public trust and impugned the judiciary as an institution if that judge sold illegal drugs off the job, although he in no way employed his public position to further the activity?

For these reasons, I would grant leave to appeal to consider whether the rationale for departure complied with MCL 769.34(3)(a) or would peremptorily reverse to reinstate the sentence imposed by Judge Maceroni.

YOUNG, J. I join the statement of Justice CORRIGAN.

JOHNSON v TITAN INSURANCE COMPANY, No. 138215; Court of Appeals No. 287448.

DETROIT MEDICAL CENTER v TITAN INSURANCE COMPANY, No. 138217; Court of Appeals No. 288353.

FREEWAY MEDIA OF MICHIGAN, LLC v VISION MEDIA, No. 138650; Court of Appeals No. 286920.

*Summary Dispositions April 28, 2009:*

PEOPLE v EDDIE BROWN, No. 137705. Pursuant to MCR 7.302(G)(1), in lieu of granting leave to appeal, we remand this case to the Court of Appeals for consideration as on leave granted. Court of Appeals No. 286716.

CORRIGAN, J., did not participate for the reasons she stated in *People v Parsons*, 728 NW2d 62 (2007).

PEOPLE v BAISDEN, No. 137890. Pursuant to MCR 7.302(G)(1), in lieu of granting leave to appeal, we vacate in part the judgment of the Court of Appeals and we remand this case to the Court of Appeals for reconsideration of the defendant's claims of sentencing error. On September 26, 2008, this Court reversed in part the judgment of the Court of Appeals and remanded this case to the Court of Appeals for consideration of the defendant's remaining issues. In a memorandum opinion, the Court of Appeals adopted the analysis of the opinion dissenting from its unpublished opinion per curiam issued March 4, 2008 in Docket No. 269999 for its resolution of the remaining issues. The Court then affirmed the defendant's conviction and sentence. However, the dissenting opinion had determined that the defendant should be resentenced, finding that the trial court abused its discretion in departing from the sentencing